IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES SIMON,

                Plaintiff,

v.

DEPARTMENT OF JUSTICE,
EN BANC U.S. APPEALS COURT, DISTRICT OF        OPINION and ORDER
COLUMBIA CIRCUIT, DOCKET NO. # 21-5099,
U.S. APPEALS COURT, DISTRICT OF COLUMBIA        22-cv-261-jdp
CIRCUIT, DOCKET NO. # 20-5259,
HON. RUDOLPH CONTRERAS,
FEDERAL PRISON INDUSTRIES, INC.,
STEVE SCHWALB, and T. SPEIGHTS,

                Defendants.

---

This is at least the third case that plaintiff Charles Simon has filed (1) challenging the amount of a monthly compensation award he received in 1994 under the Inmate Accident Compensation Act for a back injury he sustained while incarcerated at FCI-Oxford; and (2) challenging the termination of that award in 2018. *See Simon v. United States DOJ*, No. CV 20-0580 (RC), 2021 WL 1578293, at *6 (D.D.C. Apr. 22, 2021), *aff'd*, No. 21-5099, 2021 WL 4767941 (D.C. Cir. Sept. 15, 2021); *Simon v. United States DOJ*, No. 18-CV-11431-ADB, 2018 WL 6045254, at *3 (D. Mass. Nov. 19, 2018), *aff'd*, No. 18-2206, 2019 WL 6124881 (1st Cir. June 26, 2019).

Although Simon is no longer a prisoner and he has fully prepaid the filing fee for this action, this court has the inherent authority to screen and dismiss the case sua sponte. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (in forma pauperis statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Rowe v. Shake*,

196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). I will dismiss the case because Simon's complaint raises the same claims that have already failed in other courts and his new claims are also meritless.

As Simon should be aware from his previous cases, his attempts at bringing the same claims in this court about his monthly compensation award are barred by the doctrines of claim and issue preclusion. Simon appears to attempt to add new claims against the judges dismissing his recent case in the District Court for the District of Columbia and dismissing his appeal of that decision. But those judges are immune from suit, and this court cannot review the decisions of the courts that have previously dismissed his claims. Simon's claims that his monthly compensation award was improperly terminated were previously dismissed in part for his failure to exhaust his administrative remedies. Simon does not suggest that he has now indeed exhausted those claims; he instead focuses on what he believes is a conspiracy among judges and Federal Prison Industries staff to deprive him of his rights. Simon may attempt to reopen this case if he includes a showing that he has exhausted his administrative remedies on his claims for improper benefit termination.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered May 16, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge